# In the United States Court of Federal Claims

No. 20-1034C

Filed: June 7, 2021

| | |
|---|---|
| **GAYLE V. FILO,** | |
| *Plaintiff*, | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant.* | |

*Maureen Glackin*, Reinstein, Glackin & Herriott, LLC, Bowie, Maryland, for Plaintiff.

*Anthony F. Schiavetti*, Trial Attorney, with whom were *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, Commercial Litigation Branch, *Brian M. Boynton*, Acting Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

This nearly 20-year effort to secure military survivor's benefits features three players—two former wives of a long-serving United States Air Force ("U.S.A.F.") veteran and the agency charged with ensuring that survivor's benefits are properly paid according to law. Gayle, widow of U.S.A.F. Colonel Steven F. Filo, challenges the United States' award of military survivorship benefits to Col. Filo's first spouse, Diane. Both Gayle, and the United States, each filed Motions for Judgment on the Administrative Record. For the reasons discussed below, and despite a multitude of errors attributable entirely to the responsible agency, the Court concludes the United States reasonably awarded the survivorship benefits to Diane. Accordingly, the United States' Motion for Judgment on the Administrative Record is **GRANTED**, and Gayle's Cross-Motion is **DENIED**.

### I.     Background

United States military retirement benefits include payments to survivors of retired military personnel under the Survivor Benefit Plan ("SBP"), 10 U.S.C. § 1447 *et seq*. Upon the death of a retired service member enrolled in the SBP, a percentage of the decedent's retirement benefits will continue to be paid as a monthly annuity to the surviving beneficiary. (*Id*.). When a service member becomes eligible to participate in the SBP, a former spouse may become eligible

for an SBP annuity if the service member elects to include the former spouse under 10 U.S.C. § 1448(b)(2). Failing such an election, the former spouse may request that the member be "deemed" to have made an election for former spouse coverage based on an order that the member does so in a divorce proceeding, as prescribed under 10 U.S.C. § 1450(f)(3)(A).[1] The former spouse's request must be in writing and accompanied by a copy of the "court order, regular on its face, which requires such election or incorporates, ratifies or approves the written agreement of such person." 10 U.S.C. § 1450(f)(3)(A)(ii)(I). Further, the request must be received "within one year of the date of the court order or filing involved." 10 U.S.C. § 1450(f)(3)(C).

It is the definition of "court order or filing" and the consequent timing of the deemed election, that is at the heart of this dispute. In its Definitions section, the SBP defines "court order" as:

> [A] court's final decree of divorce, dissolution, or annulment or a court ordered, ratified, or approved property settlement incident to such a decree (including a final decree modifying the terms of a previously issued decree of divorce, dissolution, annulment, or legal separation, or of a court ordered, ratified, or approved property settlement agreement incident to such previously issued decree).

10 U.S.C. § 1447(13)(A). Importantly, if a former spouse is covered under the SBP, a survivor annuity for a later spouse of the service member is not available. 10 U.S.C. § 1448(a)(4).

Col. Filo and his first spouse, Diane, married in 1977 and divorced on March 6, 2001. (Administrative Record ("AR") at 437, ECF No. 20).[2] The Judgment of Divorce issued by the Circuit Court of Anne Arundel County, Maryland, and dated March 6, 2001, provided that Diane would be:

> [D]esignated as a survivor beneficiary at her cost (if the same is necessary to assure the continuation of pension benefits to [Diane]) in the event of [Colonel Filo's] death. Counsel for [Diane] shall promptly prepare and submit to the Court an appropriate Qualified Domestic Relations Order to effectuate this purpose.

---

[1] All references here to the provisions of the SBP Act are to the law applicable at the time of the disputed deemed election in 2002. (*See* Defendant's Appendix ("DA") to Def. MJAR, ECF No. 21-1).

[2] The Administrative Record is split between Exhibits 5 & 6 to ECF No. 20. However, these two volumes are consecutively paginated, thus the Court will simply refer to the entire record by citing "(AR __)." Dates of documents in the AR can be found in the Index to the AR, Exhibit 1 to ECF No. 20.

(AR 8). A little over a year later, on March 11, 2002, the same court issued an agreed Constituted Pension Order ("CPO"), signed by counsel for both Diane and Col. Filo, requiring that:

> [Colonel Filo] shall elect under 10 U.S.C. Chapter 1447 et seq. to provide a full survivor benefit annuity to [Diane] and shall select as the base amount the full amount of [Colonel Filo's] monthly retired pay. The filing of this Order with the Defense Service Financing Center (the "Service") servicing [Colonel Filo] by [Diane] shall be treated as a deemed election of full benefits under the Survivor Benefit Plan.

(AR 11).

The SBP for service members is administered by the Defense Finance Accounting Service ("DFAS"), an arm of the U.S. Department of Defense. On March 21, 2002, ten days after the CPO was issued, Diane submitted through her attorney two letters to DFAS, both sent via certified mail, return receipt requested, and both enclosing certified copies of the Judgment of Divorce and CPO. (AR 454–55). One letter was sent to the Garnishment Operations Office and covered former spouse payments from retired pay (as distinguished from SBP benefits). (AR 454). The second mailing, also dated March 21, 2002, was addressed to DFAS and expressly stated it was a deemed election for SBP benefits. (AR 455). The Postal Service provided Diane with return receipts for both certified mailings. (AR 456).

Since the submission of Diane's deemed-election letter in 2002, DFAS has until recently treated the right to Col. Filo's SBP benefits inconsistently. The first letter to the Garnishment Operations Office was properly entered into DFAS's garnishment operations electronic record system. (AR 438). Inexplicably, DFAS did not make an electronic record of Diane's letter of deemed election in 2002, and therefore her right to the SBP annuity was not processed and recorded. (Id.). This was the first of many agency errors.[3]

Col. Filo married Gayle in 2002 and retired from the Air Force in 2009. (Id.). Upon retirement, he elected SBP coverage for Gayle even though the Maryland Circuit Court required that he elect SBP coverage for Diane. (Id.). Because DFAS had not recorded receipt of Diane's deemed election in 2002, DFAS added Gayle as Col. Filo's SBP annuity beneficiary upon his retirement. (Id.).

It appears that Diane was unaware that she was not the SBP beneficiary of record until 2010 when she received correspondence from DFAS regarding Colonel Filo's retired pay which also showed no record of her SBP status. (AR 686). Diane then spent the next seven years attempting to establish the effectiveness of her deemed election and thus her SBP entitlement. (AR 686–87). In March and April of 2010, she contacted DFAS to pursue her inquiry, enclosing

---

[3] The many errors at issue in this case highlight the limits of presumed deference owed to agency action. In some instances, agency deference can perpetuate or exacerbate injustice.

a copy of the certified mail return receipt for her 2002 letter of deemed election. (AR 43–50). That effort was unavailing.

In June 2010, she filed a "DoD Hotline" inquiry, again forwarding copies of her receipts. (AR 53–70). In response, DFAS's "Defense Hotline Completion Report" acknowledged receipt of Diane's March 21, 2002, letter requesting deemed coverage, but denied coverage on the grounds that the CPO was merely a restatement of the Judgment of Divorce, and thus did not affect the one-year deemed election timing requirement. (AR 78–84). The Report referred Diane to the Air Force Board for Correction of Military Records ("AFBCMR" or "the Board") for possible relief. (AR 84).

In November 2011, Diane applied to the AFBCMR for relief, requesting that she be named beneficiary of Colonel Filo's SBP annuity. (AR 87). The Board denied her application in September 2012, finding insufficient evidence to support the relief. (AR 155–58). It is not clear from the AFBCMR decision whether Diane argued that the CPO rather than the Judgment of Divorce was the operative order for timing of the deeming election, and the AFBCMR did not address the issue, assuming that the date of the Judgment of Divorce was controlling. (AR 156–57). Diane filed two subsequent requests for reconsideration with the AFBCMR, and both were denied in 2015 without discussion, citing "no new relevant evidence." (AR 196, 209).

Also in 2011, Diane filed suit in Maryland state court seeking the right to purchase a life insurance policy on Col. Filo's life to replace the financial support provided by the SBP. (AR 127–36, 417–420). She was successful in that suit, which compelled Col. Filo to submit to a physical exam, and she received a quote on the cost of the policy. (AR 187–89). It is not clear whether she in fact purchased the policy. (Def. Resp. at 14, ECF No. 23; Pl.'s Mot. for J. on the AR ("Pl.'s MJAR") at 28, ECF No. 22).

In March 2017, Diane sought U.S. Senator, Chris Van Hollen's assistance. (AR 212). Senator Van Hollen's office contacted DFAS, and DFAS bafflingly and inaccurately responded in May 2017 that Diane was not eligible for deemed-spouse coverage because they did not receive her request until March 29, 2010. (AR 228–29). After Senator Van Hollen's office followed up, DFAS again inaccurately stated in a July 14, 2017 response that it had not received Diane's request until March 29, 2010. (AR 231).

Later in July 2017, in an email to Senator Van Hollen's Office, DFAS corrected the date it received Diane's request, reporting the date to be some 15 years earlier, on March 25, 2002. The Court is unaware of the circumstances surrounding the discovery of Diane's 2002 request from within DFAS records. Despite this startling factual correction, DFAS also maintained that Diane was still ineligible because the one year period was counted from the date of the Judgment of Divorce, thus her eligibility had expired. (AR 240) ("[Diane] is ineligible for an annuity. This is the law, and [DFAS] must adhere to it.").

Diane, undaunted, contacted DFAS on September 5, 2017 by email, seeking clarification of the deeming rules. (AR 252). This time, a different DFAS employee researched the record, concluded that Diane had in fact timely filed her election, and arranged for the record to be

4

corrected to give the SBP benefits to Diane, although the email does not provide a detailed explanation. (AR 251) ("Could you please have someone make the correction to the account and establish the former spouse's election for SBP, as it was received timely."). To account for the change, DFAS collected retroactive SBP premium contributions from Diane and returned the corresponding overpayment of premiums to Col. Filo. (AR 260–71). Upon inquiry from Col. Filo through his attorney, DFAS explained the change in a November 30, 2017 letter, describing the "clear and convincing evidence" that Diane's election was timely filed. (AR 276–91). Although he had the right to appeal the DFAS determination, he did not, and on June 25, 2018, Col. Filo died. (AR 297).

On August 18, 2018, after Col. Filo's death, Gayle filed a claim for the SBP annuity. (AR 438). On November 28, 2018, her claim was denied by DFAS, citing Diane's SBP coverage. (AR 457–58). Gayle then appealed the DFAS decision to the Defense Office of Hearings and Appeals ("DOHA"). (AR 316–24). On December 9, 2019, DOHA issued its Appeal Decision denying Gayle's claim of entitlement to the SBP annuity. (AR 686–90). In its Appeal Decision, DOHA found that DFAS's interpretation of governing law should be "sustained unless shown to be arbitrary, capricious or contrary to law" and is entitled to "great deference." (AR 688). DOHA noted that DFAS "found the CPO properly ordered a deemed election for Diane." (*Id.*). DOHA also cited DFAS's Administrative Report to DOHA, prepared as part of the appeal, noting that the Report "broke down the relevant language in the Judgment of Divorce that required a second order to effectuate deemed election," finding that conclusion reasonable. (AR 688–89; 437–41). DOHA then found that Gayle "failed to prove by clear and convincing evidence" that she was entitled to the SBP annuity. (AR 689). It is DOHA's Appeal Decision that Gayle challenges in the instant action.

## II. Analysis

### A. Deemed Election Requirements

Gayle asserts that DOHA's approval of the DFAS award to Diane and consequent disallowance of her own SBP claim was "arbitrary, capricious, contrary to law, and unsupported by substantial evidence." (Pl.'s MJAR at 5, 21–23). Given the plethora of inconsistencies detailed within the administrative record, Gayle's concern is understandable.

Gayle disputes DFAS's interpretation of the SBP's deeming requirements and argues that the operative date from which to measure the one-year deadline for filing is the Judgment of Divorce rather than that of the CPO. (*Id.* at 23–25). Gayle points to Section 1450(f)(3)(A)(ii) describing the filing of "the court order, regular on its face, which requires such election or incorporates, ratifies, or approves the written agreement of such person," and, Gayle argues, the CPO did not meet that definition because the CPO merely restated Col. Filo's obligation under the Judgment of Divorce. (*Id.*). Therefore, Gayle urges, since Diane 's deemed election was filed more than a year after the date of the Judgment of Divorce, her election was made out of time. (*Id.* at 7–9, 23–25). Gayle also argues that in its review, DOHA failed to critically question

DFAS's reversal of its position on Diane's eligibility after many years of denying it. (*Id.* at 21–23).

The United States counters that Gayle has not shown that DOHA's decision affirming DFAS's determination of Diane's eligibility was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. (Def.'s Mot. for J. on the AR ("Def.'s MJAR") at 16–20, ECF No. 21). In its view, the Judgment of Divorce did not specifically require election of benefits by Col. Filo and in fact contemplated an additional order in its requirement of "a Qualified Domestic Relations Order to effectuate this purpose." (*Id.* at 17–22). The United States urges that the CPO expressly required that Colonel Filo "shall elect" to provide the full survivor benefit annuity, thus meeting the statutory definition of a court order "which requires such election" in Section 1450(f)(3)(A), and therefore it was not just a restatement of the terms of the Judgment of Divorce. (*Id.*).

With respect to Gayle's objection to DFAS's belated and admitted change of course, the United States responds that "none of these determinations precluded DFAS from later determining, based on a fresh review of all the law and facts, that Diane had in fact made a proper deemed election[.] . . . A previous mistake did not absolve DFAS of its obligation under the law to correctly determine the legal beneficiary of Colonel Filo's SBP, much less preclude it from correcting that mistake." (Def's Resp. at 5, ECF No. 23).

The Court notes that choosing between two spouses of a military officer who are competing for survivor benefits can present difficulties, and there is no perfect outcome in this case. There is some guidance in the SBP statute, where Congress has chosen to provide a means by which a former spouse may protect entitlement awarded in a state court proceeding. The Court has reviewed the extensive record here and notes that the inconsistent treatment of Diane's application for a deemed election caused trouble and confusion for both Diane and Gayle. However, DFAS has now resolved the issue of entitlement, and that decision was sustained by DOHA in its review.

In challenging the determinations of a military board, a plaintiff must demonstrate "by cogent and clearly convincing evidence," *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986), that the military board's decision was "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006). Moreover, "military administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs." *Dodson v. United States*, 988 F.2d 1199, 1204 (Fed. Cir. 1993). A court may set aside an agency's decision if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or the decision is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Ala. Aircraft Indus., Inc. v. United States*, 586 F.3d 1372, 1375 (Fed. Cir. 2009) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). However, "[w]hen substantial evidence supports the board's action, and when

that action is reasonable in light of all the evidence presented, the court will not disturb the result." *Pope v. United States*, 16 Cl. Ct. 637, 641 (1989).

In this case, DOHA found that Gayle had not established that DFAS's interpretation of the CPO was "plainly erroneous or inconsistent with the words of the statute." (AR 689). DOHA reviewed DFAS's interpretation of the Judgment of Divorce and CPO in light of the statute's requirements and found it to be reasonable. (AR 687–89). It is the Court's view that DFAS's award to Diane is reasonable, given the language of the SBP statute and the two state court orders at issue here, as observed by DOHA in its review of DFAS's decision. DOHA's conclusion is entitled to weight in a review by this Court and is supported by the evidence. For that reason, the Court will not disturb the result despite its misgivings regarding the agency's actions since 2002.

### B.    Preclusion by Prior Proceedings

Gayle also asserts that Diane's claim to the SBP benefits is barred due to principles of accord and satisfaction, *res judicata*, and collateral estoppel. (Pl.'s MJAR at 27–31). She points to Diane's successful state court suit seeking the right to purchase life insurance coverage for Col. Filo as an accord and satisfaction of Diane's claim to SBP benefits. (*Id*. at 27–28). Gayle also argues that the doctrines of collateral estoppel and *res judicata* must act here to bar DFAS's action reversing its prior denials of Diane's claim after the AFBCMR had denied Diane's application for relief (*Id*. at 28–31).

With regard to Gayle's argument that Diane's claim is barred due to her state court suit to secure a life insurance policy on Col. Filo's life, the United States answers that neither the United States nor Gayle was a party to that suit, and thus the doctrines of accord and satisfaction, *res judicata*, and collateral estoppel could not act to bar the United States' action in awarding SBP benefits. (Def.'s Resp. at 10–13). Further, the state court matter dealt with issues arising under the divorce action, while the question before DFAS was entitlement to SBP benefits under federal law. (*Id*. at 12). Addressing Gayle's argument that *res judicata* and collateral estoppel should be applied to bar DFAS's award of benefits to Diane after years of denial by the agency, the United States observes that Plaintiff does not show why these "principles of preclusion" should be extended to DFAS's "administrative conclusions of much greater informality." (*Id*. at 13). The United States also notes that the earlier determinations by DFAS including the DoD Hotline and proceedings before the AFBCMR, were not "adversarial proceedings involving the parties to this litigation." (*Id*.). Finally, the United States argues that because Gayle did not raise issues of preclusion during her DOHA proceeding, she has waived that issue and cannot argue preclusion in the instant appeal from DOHA's decision. (*Id*.).

The Court agrees with the United States that the doctrines of accord and satisfaction, *res judicata*, and collateral estoppel do not apply to the instant matter. "Discharge of a claim by accord and satisfaction occurs when substituted performance is accepted by the claimant as full satisfaction of his claim." *Oasis International Waters, Inc. v. United States*, 135 Fed. Cl. 230, 257–58 (2017). The affirmative defense of accord and satisfaction requires four elements,

7

among them, "a meeting of the minds of the parties." *Holland v. United States*, 621 F.3d 1366, 1382 (Fed. Cir. 2010). Here there is no evidence in the record of any agreement by Diane to relinquish her SBP claims in exchange for securing the right to purchase a life insurance policy on Col. Filo's life. Moreover, neither DFAS nor Gayle was a party to the life insurance matter, and thus the state court action cannot operate to bar Diane's SBP claims.

Gayle's attempt to apply principles of *res judicata* and collateral estoppel to bar DFAS's ultimate award of SBP benefits to Diane is equally unsuccessful. Gayle argues that the denial of Diane's application by the AFBCMR should be treated as final and binding on DFAS. In support of this, Gayle cites a case requiring "adversarial proceedings" and "finality" to apply doctrines of preclusion, but she fails to show that those terms apply to the AFBCMR decision in this case. (Pl.'s MJAR at 29 (citing *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 107–08 (1991)). Adding to the difficulty, both doctrines require that parties to prior actions be the same in the case under consideration. *Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014); *Kemper v. United States*, 138 Fed. Cl. 1, 11 (2018). Gayle fails to show that condition is satisfied. But most importantly, even accepting that DFAS's decision to reverse its position on Diane's eligibility could be barred by prior administrative decisions, Gayle did not argue this issue in her appeal to DOHA, and DOHA did not address it. Therefore, Gayle waived these preclusion arguments. "In situations in which a plaintiff seeks relief from a military corrections board 'and later brings suit in court, any argument not previously raised before the corrections board is waived.'" *Exnicios v. United States*, 140 Fed. Cl. 339, 364 (2018) (quoting *Parks v. United States*, 127 Fed. Cl. 677, 680 (2016)); *Klingenschmitt v. United States*, 119 Fed. Cl. 163, 183 (2014) (citing *Metz*, 466 F.3d at 999) ("If a party elects to bring a claim before an administrative agency, it must give that agency the opportunity to resolve all issues relevant to the adjudication of that claim.").

Gayle likewise cannot demonstrate that the doctrine of accord and satisfaction applies because there is no evidence in the record of an agreement to that effect. Even if Gayle could show the elements necessary to demonstrate preclusion, whether through collateral estoppel or *res judicata* (which she cannot), she has waived the preclusion issue, therefore the Court will not consider it.

### III.     Conclusion

Because DOHA's review and affirmance of the award of survivorship benefits to Diane appear reasonable and supported by the record, the United States is entitled to Judgment on the Administrative Record. Accordingly, the United States' Motion for Judgment on the Administrative Record, (ECF No. 21), is **GRANTED**, and Plaintiff Gayle Filo's Cross-Motion for Judgment on the Administrative Record, (ECF No. 22), is **DENIED**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge